Curia, per Frost, J.
In Tatlock v. Harris, Buller, J. puts this case : suppose A owes B £.100, and B owes 0 £100, and the three meet, and it is agreed between them that. A shall pay C the £100, B’s. debt is extinguished, and C may recover that sum against A. In Wharton v. Walker the law, thus affirmed, was qualified and stated to be, that if by an agreement between the three parties, the plaintiff had undertaken to look to the defendant, and not to his original debtor, that would have been binding, and the plaintiff might have maintained an action on the agreement; but in order to give him that right of action, there must be an extinguishment of the original debt. And, so qualified, the rule was recognized in Corbett v. Cochran.
When Roberts told Shanahan what had been said and done by Miller, they mutually said they were satisfied, and Roberts told Shanahan that he did not thencefoith or now, look to him for payment. The jury were instructed to allow to the defendant, as a payment, the amount of Shanahan’s note to Roberts, if Miller had assumed to pay it as in part of the note sued on, and if Miller was exclusively looked to and bound to pay Roberts. The jury deducted from the plaintiff’s demand the amount due by Shanahan to Roberts ; and thereby affirmed the special agreement.
Roberts kept Shanahan’s note up to the time when this action was brought, and afterwards leceived payment from Miller. When Miller’s note was assigned to the plaintiff, it was past due, so that Miller had the same defences against the plaintiff which he would have had if Shanahan had sued ; and Shanahan’s note to Roberts was also past due when he assigned Miller’s note to the plaintiff; so that, then, Shanahan might have defended himself against any action on his note by any person, by showing payment according to the agreement proved in this case. Shanahan was, therefore, not liable to pay his note which Roberts held; and Miller was *238 safe in paying it to Roberts. The rights and liabilities of Shanahan, Miller'and Roberts, under their agreement, were wholly unaffected by the fact that Roberts kept Shanahan’s note. This circumstance is, therefore, important only as it seems to be in conflict with the evidence, that Roberts was to look to Miller alone for the payment of Shanahan’s note.
The motion is refused.
Richardson, O’Neall, Evans and Wardlaw, JJ. concurred.

Motion refused.